**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § § | **No. 3:25-CR-343-X** |
| **SIMON BATASHVILI (01)** **LUCAS THOMAS ERB (02),** | § § § § | |
| **Defendants.** | § § | |

**DEFENDANTS BATASHAVILI AND ASHER'S
UNOPPOSED MOTION AND BRIEF TO CONTINUE
THE TRIAL AND PRETRIAL DEADLINES**

Defendants Simon Batashvili and Lucas Thomas Erb (Lucas Asher)[1] (together, Defendants) jointly request that the Court continue the trial date and pretrial deadlines and would show the Court as follows.

### I.    Background

On July 22, 2025, Batashvili was charged in the original indictment.  ECF No. 1.  He entered his not guilty plea on August 27, 2025, and was released under conditions.  ECF No. 15.  On February 3, 2026, a second superseding indictment charged Asher and Batashvili with five counts: Mail Fraud, 18 U.S.C. § 1341, Wire Fraud, 18 U.S.C. § 1343, and Money Laundering, 18 U.S.C. § 1956(a)(1)(B)(i) with criminal forfeiture.  ECF No. 33.  On February 13, 2026, Asher pleaded not guilty at his initial appearance, and he was released under conditions. ECF No. 41.  The Court set a trial date of April 20, 2026.  ECF No. 43.  Upon Asher's motion, the Court

---

[1] Mr. Asher's name per his birth certificate is Lucas Asher.

continued the trial until August 10, 2026, with the pretrial conference scheduled for August 3, 2026. ECF No. 47. The government has recently presented the defendants with a significant amount of electronic discovery.

## II.    Request

Defendants respectfully request that the Court continue the trial in this case until late January or early February 2027. The government's discovery includes approximately seven terabytes of data, which was not provided to Asher's counsel until last month. Defendants' counsel are reviewing this discovery, which is expected to take several months.

Additionally, the government recently advised Defendants' counsel that it is making an additional discovery production of up to 64 gigabytes. Review of this material alone will take a significant amount of time.  A continuance is needed to allow Defendants' counsel time to review this additional data, formulate potential defenses, engage experts and interview possible witnesses and effectively represent their clients.  As noted in the Certificate of Conference below, the government does not oppose the requested continuance.

## III.    Argument and Authorities

While the Speedy Trial Act generally requires a criminal defendant's trial to start within seventy days of indictment or arraignment, whichever occurs later, 18 U.S.C. § 3161(c)(1), "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006).  Accordingly, to "provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id*. The Act excludes any period of delay resulting from a continuance granted based on a finding that

"the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

One factor relevant to this analysis is whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Defendants' counsel need a reasonable extension of time for trial preparation, especially since the government is providing Defendants with further discovery. This extension is also presented in the interests of justice to ensure that both Defendants receive effective representation of counsel.

The Court has already found that this case "is a complex case, as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii) based upon (1) the motion of the government, (2) the voluminous discovery materials, and (3) the fact that the parties may enlist experts to assist in the case and testify at trial, which would require additional time for such experts to review the evidence in this case." ECF No. 30 at 1. Under these findings and the circumstances, federal law justifies further continuance.

## IV.    Conclusion

For these reasons, Defendants respectfully request that the Court continue this trial until late January or early February 2027 and extend the pretrial deadlines accordingly.

Dated: June 15, 2026    Respectfully submitted,

**VARTABEDIAN KATZ HESTER & HAYNES LLP**

By: */s/ Richard B. Roper*
  Richard B. Roper
  Texas Bar No. 01723370
  richard.roper@vkhh.com

  Richard J. Guiltinan
  Texas Bar No. 24074332
  richard.guiltinan@vkhh.com

  301 Commerce Street, Suite 2200
  Fort Worth, TX 76102
  Phone: 817.309.9092
  Fax: 817.214.4988

**COUNSEL FOR DEFENDANT LUCAS ASHER**

*/s/ Jeff Ansley*
Jeffrey J. Ansley
State Bar No. 00790235
jansley@vedder.com
Arianna G. Goodman
State Bar No. 24109938
agoodman@vedder.com

Katherine M. Devlin
State Bar No. 24094372
kdevlin@vedder.com
**VEDDER | PRICE, P.C.**
300 Crescent Court, Suite 400
Dallas, Texas 75201
469.895.4790 (Ansley)

**COUNSEL FOR DEFENDANT SIMON BATASHVILI**

4

5

## CERTIFICATE OF CONFERENCE

On June 12, 2026, I conferred with Assistant United States Attorney Marty Basu, who informed me that the government does not oppose the requested continuance.


*/s/ Richard B. Roper*
Richard B. Roper


## CERTIFICATE OF SERVICE

On June 15, 2026 certify that I filed this document using the Court's ECF system, and that a true and correct copy of the foregoing document has been served on counsel of record through the ECF system.


*/s/ Richard B. Roper*
Richard B. Roper